IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

MICHAEL JOHNSON, and §
BRITTANY JOHNSON §
§
      Plaintiffs §
§
v. §    Civil Action No.
§
§    Complaint
§    And
PROCOLLECT, Inc §
§
§    Demand for Jury Trial
§
      Defendant §

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW the Plaintiff, MICHAEL JOHNSON, (hereafter "MICHAEL") and

Plaintiff, BRITTANY JOHNSON, (hereafter "BRITTANY) by Counsel, Dennis

McCarty, and for their complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory, costs, and attorney's fees brought

pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).  As well as injunctive,

Exemplary, actual, statutory, and attorney fees pursuant to Tex. Fin. Code §392.

### JURISIDICTION

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C.

§1331, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C.

§1367.

1

## PARTIES

3. Plaintiff, Michael is a natural person and is a resident and citizen of Brazoria County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

4. Plaintiff, Brittany is a natural person and is a resident and citizen of Brazoria County, the State of Texas, United States of America. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3)

5. Defendant, ProCollect, (herein after referred to as Defendant) is a For-Profit Corporation registered to do business in Texas, and it may be served through its registered agent, David Goodhart, 190 South Collins Rd., Suite 102, Sunnyvale, Texas 75182. Defendant is a "debt collector", as defined 15 U.S.C §1692a(6) and engaged in the business with the purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7. On or about February 26, 2010, Brittany, not recognizing a missed call phone number on her phone, returned the call to have Defendant answer the number.  Defendant then informed Brittany that the source of the alleged debt was a broken lease.

8. Brittany informed Defendant that they did not brake their lease and asked for documentation so that Brittany would have a paper trial and attempt to prove that she did live out her lease.

9.  Brittany informed Defendant not to call her anymore and asked Defendant to communicate by mail only.

10.  Defendant informed her that the only way to get the proof is to ask for it in writing.

11.  Brittany replied, so your saying you can not legally send me in the mail by me saying, please don't call my number anymore and send all correspondence by the mail".

12.  Defendant in a sarcastic tone replied, "ma-am, are you listening! I said you can request it in writing and we will mail it out to you". Defendant further stated that, you need to request it in writing, the proof of the debt, and we will mail it out to you , you need to send in a self stamped envelope.

13.  Brittany asked Defendant, "but why do people keep calling when I requested to them to stop calling my number."

14.  Defendant replied, "because it's not in here."

15.  Brittany asked Defendant , "to put it in there, that is my request, I'm feeling harassed."

16.  Defendant in an extremely sarcastic tone replied, "we can't do that! we can't do that! That is not harassment!  How is it harassment when you owe a balance of $490 because you terminated your lease!"

17.  Brittany replied, "ma-am, I didn't terminate my lease."

18.  Defendant replied, "well ok, even so your balance is $490 and due by 5 (five) today and you can't request over the phone for us not to call you.  We are going to continue to call you on this account until you pay your bill!"

19.   Brittany stated, " ma-am, please stop calling my number, I'm asking.." Defendant then interrupted her.

20.   Defendant in a sarcastic and condescending tone replied, "I am going to continue to call you until you pay your bill, and even so your balance is due today by 5, have a good day!" and then hung the phone up on Brittany.

21.   On or about March 8, 2010, Defendant called Brittany again, even after Brittany asked multiple times not to call her but to communicate by mail only.

22.   Brittany informed Defendant that, "every time someone calls, I have asked them numerous times, please stop calling because my husband works shift work and it wakes him up, his job performance is effected.  I get calls when I'm at my job, and I asked the lady who called last time to please, please send all correspondence through the mail, I have received nothing."

23.   Defendant responded stating, "The calls will continue Ms. Johnson, we don't care if we are waking up husband!  There is a balance of $490.72 (four hundred ninety dollars and 72 cents) that is due in my office by the 10th (tenth) which is Wednesday! You can easily take care of this balance with a debt or credit card or check over the phone and that is how collection efforts will stop.  If not then collection efforts will continue until the balance is paid off!"

24.   Brittany responded, "I have please asked ya'll to please stop calling."

25.   Defendant responded, "ma-am collection efforts will continue Ms. Johnson pay your bill on the 10th (tenth)."

26.   Defendant further responded, "pay your bill, the $490 (four hundred ninety dollars) that you know that you owe."

27.  Defendant is maliciously, willfully, and negligently violated multiple Fair Debt Collection statutes in an attempt to collect a consumer debt.

28.  As a result of Defendant's conduct, Plaintiffs has suffered great emotional and mental pain and anguish, and all to Plaintiffs great detriment and loss.

29. As a result of Defendant's conduct, Plaintiffs has suffered actual damages and all to Plaintiff's great detriment and loss.

30. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

31. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## **CAUSES OF ACTION**

32.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.  This suit is based upon the Defendants violation of the FCRA.  All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Debt Collection Act*

34. Plaintiffs incorporates the foregoing paragraphs as though the same were set forth at length herein.

35.  Defendant violated 15 U.S.C. 1692d by harassing the plaintiffs on the telephone on or about February 26, 2010.  When Brittany asked Defendant to note that she didn't want to be called on her number and that all correspondence should be by mail and that the Plaintiffs felt harassed, Defendant then with an extremely sarcastic tone replied, "we can't do that!, we can't do that!  That is not harassment!  How is it harassment when you owe a balance of $490 because you terminated your lease!"  The section entitled "Harassment or abuse" under 15 U.S.C. §1692d reads;

> A debt collector may not engage in any conduct the natural consequence Of which is to harass, oppress, or abuse any person in connection of a debt.

36.  Defendant violated 15 U.S.C. 1692d by harassing the plaintiffs on the telephone on or about February 26, 2010.  When Plaintiff asked Defendant not to call anymore and informed Defendant that she didn't terminate her lease, Defendant replied, "well ok, even so your balance is $490 and due by 5 today and you can't request over the phone for us not to call you!  We are going to continue to call you on this account until you pay your bill!  The section entitled "Harassment or abuse" under 15 U.S.C. §1692d reads;

> A debt collector may not engage in any conduct the natural consequence Of which is to harass, oppress, or abuse any person in connection of a debt.

37.  Defendant violated 15 U.S.C. 1692d by harassing the plaintiffs on the telephone on or about February 26, 2010. When Plaintiff informed Defendant once again that she didn't terminate her lease, Defendant in a sarcastic and condescending tone

replied, "I am going to continue to call you until you pay your bill, and even so your

balance is due today by 5, have a good day!" and then hung the phone up on Britney.

Defendant threatened to keep calling Plaintiffs even after being told multiple occasions

not to call any longer.

The section entitled "Harassment or abuse" under 15 U.S.C. §1692d

reads;

> A debt collector may not engage in any conduct the natural consequence
> Of which is to harass, oppress, or abuse any person in connection of a
> debt.

38.   Defendant violated Federal Statutes 15 U.S.C. §1692e(10).  When Brittany

asked Defendant to stop calling that number and all correspondence should be by mail.

Defendant replied that, "you can't request over the phone for us not to call you."  This is

a false and misleading statement in order to continue to harass the plaintiffs in an attempt

to collect a debt.

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

> (10) The use of any false representation or deceptive means to collect
> or attempt to collect any debt or to obtain information concerning a
> consumer.

39.   Defendant violated 15 U.S.C. §1692c(a) by calling Plaintiffs again on or

about March 8, 2010, after Brittany very clearly and repeatedly requested Defendant to

only communicate with Plaintiffs by mail.

The section entitled "Communication in connection with debt collect" under 15 U.S.C.

§1692c(a)

reads:

>     (a) Communication in connection with debt collection
>     Without the prior consent of the consumer given directly to the debt
>     collector or the express permission of a court of competent jurisdiction, a
>     debt collector may not communicate with a consumer in connection with
>     the collection of any debt
>
> >     (1) at any unusual time or place or a time or place known or which
> >     should be known to be inconvenient to the consumer.

40.  Defendant violated 15 U.S.C. 1692d by harassing the plaintiffs on the telephone on or about March 8, 2010. When Brittany asked Defendant to "please stop calling because my husband works shift work and it wakes him up, his job performance is effected." Defendant replied, "The calls will continue Ms. Johnson, we don't care if we are waking up husband!  There is a balance of $490.72 (four hundred ninety dollars and 72 cents) that is due in my office by the 10th (tenth) which is Wednesday!  You can easily take care of this balance with a debt or credit card or check over the phone and that is how collection efforts will stop.  If not then collection efforts will continue until the balance is paid off!"

The section entitled "Harassment or abuse" under 15 U.S.C. §1692d reads;

>     A debt collector may not engage in any conduct the natural consequence
>     Of which is to harass, oppress, or abuse any person in connection of a
>     debt.

41.  Defendant violated 15 U.S.C. 1692d by harassing the plaintiffs on the telephone on or about March 8, 2010.  When Brittany asked again for the calls to stop, the Defendant responded, "ma-am collection efforts will continue Ms. Johnson, pay your bill on the 10th (tenth)."

The section entitled "Harassment or abuse" under 15 U.S.C. §1692d

reads;

> A debt collector may not engage in any conduct the natural consequence
> Of which is to harass, oppress, or abuse any person in connection of a
> debt.

42.   Defendant violated 15 U.S.C. §1692c(a) by calling Plaintiffs after Brittany very clearly and repeatedly requested Defendant to only communicate with Plaintiffs by mail.  Defendant, after being notified not to call on two (2) different occasions, called 2 (two) more times and left voicemails on Plaintiff's phone.

The section entitled "Communication in connection with debt collect" under 15 U.S.C. §1692c(a)

reads:

> (a) Communication in connection with debt collection
> Without the prior consent of the consumer given directly to the debt
> collector or the express permission of a court of competent jurisdiction, a
> debt collector may not communicate with a consumer in connection with
> the collection of any debt
>> (1) at any unusual time or place or a time or place known or which
>> should known to be inconvenient to the consumer.

## COUNT II—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

## (TDCA)—TEXAS FINANCE CODE §392

43.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

44.  The Plaintiffs are a "consumer" as defined by Tex. Fin. Code §392.001(1).

45.  The Defendant is a "debt collector" and a "third party debt collector" as

defined by Tex. Fin. Code §392.001(6) and (7).

46.  The TDCA makes it a violation for a debt collector to attempt to collect a debt by making "False or misleading representations" Tex. Fin. Code §392.304(a)(19). When Brittany asked Defendant to stop calling Plaintiffs' number and all correspondence should be by mail.  Defendant replied that, "you can't request over the phone for us not to call you."  This is a false and misleading statement in order to continue to harass the plaintiffs in an attempt to collect a debt.

This section entitled Fraudulent, Deceptive, or Misleading Representations reads:

> Sec. 392.304.   FRAUDULENT,   DECEPTIVE,   OR   MISLEADING REPRESENTATIONS.  (a)  Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:
>
> > (19)  using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

47.  The TDCA makes it a violation for a debt collector to attempt to collect a debt by "Harassment; Abuse"  Tex. Fin. Code §392.302.  Defendant made numerous statements on two different phone calls, even after requested not to call any longer, that were extremely rude, sarcastic and condescending to Plaintiff that was intended to unreasonably abuse Brittany.

This section entitled Fraudulent, Deceptive, or Misleading Representations reads:

> Sec. 392.302.  HARASSMENT; ABUSE.  In debt collection, a debt collector may not oppress, harass, or abuse a person by:
> (1)  using profane or obscene language or language intended to abuse unreasonably the hearer or reader ;

48. The TDCA makes it a violation for a debt collector to attempt to collect a debt

by "Threatening to take an action prohibited by law" Tex. Fin. Code §392.301(a)(8).

Defendant made multiple threats during 2 (two) different phone calls to continue calling

plaintiffs even after they pleaded with Defendant not to call plaintiffs because of

Michael's work schedule, the calls wake him up and that directly affects his work

performance. That violates 15 U.S.C. §1692c(a) that prohibits Defendant from

communicating with Plaintiffs at a time or place known or which should be known to be

inconvenient to the consumer.

> Sec. 392.301.  THREATS OR COERCION.
> (a)  In debt collection, a debt collector may not use threats, coercion, or
> attempts to coerce that employ any of the following practices:
>
> > (8)  threatening to take an action prohibited by law.

49.  Defendant seeks all damages recoverable under the TDCA, including but not

limited to injunctive relief, actual damages, reasonable attorney's fees and costs.

Defendant alleges that they are entitled to exemplary damages under the Texas Civil

Practice & Remedies Code as a result of Defendant's actions.

50.  As a result of Defendant's conduct, Plaintiffs has suffered great,

emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

51. As a result of Defendant's conduct, Plaintiffs has suffered actual damages

and all to Plaintiff's great detriment and loss.

52. At all times pertinent hereto, Defendant was acting by and through their

agents, servants, and/or employees who were acting within the course and scope of their

agency or employment, and under the direct supervision and control of the Defendant

herein.

53. At all times pertinent hereto, the conduct of the Defendants, as well as that

of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

54. The conduct of Defendant was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

EXEMPLARY DAMAGES

55.   Plaintiff would further show that the acts complained herein of Defendant were committed with fraud, malice, with gross negligence and with the specific and predetermined intention of enriching said Defendant at the expense of the Plaintiffs.  In order to punish said Defendant for such unconscionable overreaching and to deter such actions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Texas Civil Practice & Remedies Code  §41.001(5)

DEMAND FOR JURY TRIAL

56.  Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs seeks judgment in Plaintiffs' favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k(a)(2);

(b) Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

12

(d) Injunctive relief pursuant to Tex. Fin. Code §392.403(a)(1);

(e) Actual Damages pursuant to Tex. Fin. Code  §392.403(a)(2)

(f) Exemplary Damages pursuant to Texas Civil Practice & Remedies Code

    §41.001(5).


(g) Such other and further relief as may be necessary, just and proper.

Dated: March 25, 2010

Respectfully submitted,

/s/ Dennis McCarty_____
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Federal Bar No. 993800
Mississippi Bar No. 102733
P.O. Box 54172
Hurst, TX., 76054
Telephone: 940-567-3141
Fax (817) 887-5069
dmccartylaw@att.net